IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| WALTER COMER, KRISTINE COMER, & KATHERINE BELL )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ALLIED INTERSTATE, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. |

## COMPLAINT

1. This is an action for damages brought by individual consumers, against Defendant, Allied Interstate, Inc., for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA") and other state laws. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### THE PARTIES

4. Plaintiffs Walter Comer and Kristine Comer are married adult individuals residing at 30 Smoky Pines Drive, Waynesville, NC 28786.

5. Plaintiff Katherine Bell is an adult individual residing at 1400 Murray View Drive, Columbia, SC 29212. She is also the mother of Kristine Comer.

6.      Defendant Allied Interstate, Inc. is a corporation that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 3000 Corporate Exchange Drive, Columbus, OH 43231. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

7.      At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed by Katherine Bell, for which Mr. and Mrs. Comer have no responsibility (hereafter the "debt").

8.      The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

9.      At all times material and relevant hereto, Mr. and Mrs. Comer did not owe the debt to Defendant and have never owed a debt to Defendant.

10.     On or around March 5, 2010, Defendant contacted Mr. and Mrs. Comer to coerce payment of the debt from Ms. Bell, and with the intent to annoy, abuse and harass both Ms. Bell and Mr. and Mrs. Comer. During the March 5th call, Defendant's representative disclosed to Mr. and Mrs. Comer that Defendant was collecting a debt against Ms. Bell. Mr. and Mrs. Comer explained that Ms. Bell did not share their phone number and further advised Defendant's representative to not contact them again.

11.     Notwithstanding the above, on or around March 5, 2010, Defendant again contacted Mr. and Mrs. Comer an hour later to coerce payment of the debt from Ms. Bell, and with the intent to annoy, abuse and harass both Ms. Bell and Mr. and Mrs. Comer. Defendant's representative again disclosed to Mr. and Mrs. Comer that Defendant was collecting a debt against Ms. Bell. Mr. and Mrs. Comer explained, for the second time, that Ms. Bell did not share their phone number and further advised Defendant's representative to not contact them again.

12.     Notwithstanding the above, Defendant contacted Mr. and Mrs. Comer yet again on March 11, 2010 to coerce payment of the debt with the intent to annoy, abuse, or harass.

13.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating, in connection with the collection of a debt with persons other than the debtor.

14.     Defendant acted in a false, deceptive, misleading and unfair manner by disclosing the debt to persons other than the debtor.

15.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating in connection with the collection of a debt with persons other than the debtor on more than one occasion.

16.     Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

17.     Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

18.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

19.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

20. As a result of the acts and/or omissions of Defendant, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I
## VIOLATIONS OF THE FDCPA

21. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. The above contacts between Defendant and Plaintiffs were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

25. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(b), 1692d(5), 1692e(10) and 1692f as evidenced by the following conduct:

  (a) Communicating, in connection with the collection of a debt with persons other than the debtor for purposes other than location information;

  (b) Disclosing the debt to persons other than the debtor;

  (c) Communicating with persons other than the debtor on more than one occasion;

      (d)      Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

      (e)      Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

      (f)      Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

26.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the alleged debt.

27.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

## COUNT II
## INVASION OF PRIVACY

28.    Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

29.    Defendant invaded the privacy of Plaintiffs by unreasonably intruding upon their seclusion by repeatedly contacting Mr. and Mrs. Comer in connection with Ms. Bell's debt, for which Mr. and Mrs. Comer have no responsibility.

30.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiffs for the

full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

31.    Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

    (a)    actual damages;

    (b)    statutory damages

    (c)    treble damages

    (d)    punitive damages;

    (e)    costs and reasonable attorney's fees; and

    (f)    other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
      MARK D. MAILMAN, ESQUIRE
      GREGORY J. GORSKI, ESQUIRE
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
      (215) 735-8600
      Attorneys for Plaintiff

DATE: October 18, 2010